**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PUBLIC SERVICE COMPANY OF
COLORADO,

      Plaintiff-Counter-Defendant -
      Appellant/Cross-Appellee,

v.

BOARD OF COUNTY
COMMISSIONERS OF SAN
MIGUEL COUNTY, State of
Colorado; ELAINE FISHER, San
Miguel County Commissioner, in her
official capacity; ART GOODTIMES,
San Miguel County Commissioner, in
his official capacity; VERNON
EBERT, San Miguel County
Commissioner, in his official capacity;
THE SAN MIGUEL COUNTY
PLANNING DEPARTMENT, State of
Colorado; MICHAEL ROZYCKI, San
Miguel County Planning Director, in
his official capacity,

      Defendants - Appellees/Cross-
      Appellants,

PATHFINDER DEVELOPMENT,
INC.,

      Defendant-Counter-Claimant -
      Appellee.

No. 05-1295 & 05-1321
(D.C. No. 1:04-CV-1828-RB-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HOLLOWAY**, and **LUCERO**, Circuit Judges.

Public Service Company of Colorado ("PSCo") filed suit seeking to enjoin Pathfinder Development, Inc. ("Pathfinder") from interfering with its pipeline easement and San Miguel County[1] (the "County") from regulating that easement. The district court denied PSCo's motion for a temporary injunction with respect to Pathfinder, but granted it against the County. PSCo now appeals and the County cross-appeals. Because we conclude that an intervening order in a separate state court proceeding has mooted this appeal as well as the underlying case, we **DISMISS** these appeals as moot and **REMAND** to the district court with instructions to **DISMISS**.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "San Miguel County" refers collectively to the Board of County Commissioners of San Miguel County; individual commissioners Elaine Fischer, Art Goodtimes, and Vernon Ebert; the San Miguel County Planning Department; and Planning Director Michael Rozycki.

**I**

PSCo operates the Tacoma-Ames Hydroelectric project under a license issued by the Federal Energy Regulatory Commission ("FERC").[2] The project diverts water from Trout Lake to the nearby Ames Powerhouse via a two-and-one-half mile long, thirty-inch-diameter pipe, commonly referred to as a penstock. Under the terms of a 1956 easement held by PSCo, a portion of that penstock crosses under Pathfinder's land. The easement follows an abandoned railroad bed and parallels Pathfinder's access road. It provided:

> [a] perpetual easement and right of way for the erection and continued maintenance, repair, alteration and replacement of the steel pipe line of Grantee, with the necessary valves, vents, supports, anchors and other attachments thereon or affixed thereto, to be erected and maintained upon and across the premises of Grantor.

In 1984, PSCo replaced with fiberglass pipe the section of penstock crossing the land Pathfinder would later purchase.

Pathfinder acquired its parcel in 1993 for the purpose of operating a gravel mine. Because the access road, which crosses the penstock at several points, provides the only ingress to certain sections of the mine, Pathfinder must drive heavy equipment over it. Some time prior to 1996, PSCo began complaining to Pathfinder that this traffic was damaging the penstock. In 1996 the two companies entered into a licensing agreement providing PSCo the right to

---

[2] FERC has regulatory authority over all hydroelectric projects under the Federal Power Act, 16 U.S.C. § 791(a) et seq.

"require relocation or modification of [Pathfinder's] facilities" in the event that Pathfinder's activity posed a hazard to the penstock. PSCo attempted to exercise this right in 1998, purporting to suspend Pathfinder's use of the access road. One year later, PSCo and Pathfinder entered into a second agreement requiring PSCo to relocate a portion of the access road using material provided by Pathfinder. Although PSCo applied for wetlands permits in 1999, it has not conducted any further relocation activities.

In 2002 a local property owner living down-mountain from the penstock, Willard Janke, filed a complaint with FERC challenging PSCo's management of the penstock. As a result of Janke's complaint, FERC issued an order on April 16, 2003, requiring PSCo to submit proposed penstock crossing designs to FERC for approval. FERC instructed PSCo to "continue to prohibit, by legal action if necessary, any heavy equipment or commercial traffic over the penstock within the project boundary" until its crossing designs were approved. If PSCo were unable to prevent such traffic for any reason, FERC required PSCo to "cease project operation and dewater the penstock."

PSCo determined that four-and-one-half to five feet of embankment coverage would be required to adequately protect the penstock. Because several areas of the penstock did not have the necessary coverage, PSCo requested that Pathfinder submit design proposals for a new crossing. Although Pathfinder

claims that it submitted such drawings, PSCo asserts that they were not sufficiently detailed and did not forward them to FERC.

Throughout this dispute Pathfinder was embroiled in a separate set of lawsuits with the County regarding land use permits. Seeking to protect its easement rights, PSCo intervened in these proceedings in 2000. Pathfinder and the County reached a Master Settlement Agreement in 2002, under which Pathfinder was permitted to relocate a segment of its access road. After receiving final approval of its development permits from the County, Pathfinder began construction.

Shortly thereafter, PSCo brought this contentious and tangled dispute to federal district court. In a verified complaint filed on September 2, 2004, PSCo requested an injunction barring the County and Pathfinder from "authorizing, approving or conducting any activities in the project boundary of the Tacoma-Ames Hydroelectric Project that are the subject of FERC's April 16, 2003 Order." PSCo also sought a declaratory judgment that FERC's order preempts the County development permits.

On May 25, 2005, the court granted PSCo's request for a preliminary injunction against the County. It determined that Congress intended the Federal Power Act to preempt any land use regulation affecting the penstock. With respect to Pathfinder, however, the court found that the scope of the easement defined the limits of FERC authority. Because PSCo was attempting to expand

the scope of the easement by using weaker, fiberglass pipe rather than steel pipe, the court denied PSCo's request for an injunction limiting Pathfinder's activities.

PSCo filed a notice of appeal on June 21, 2005. The County followed with a notice of cross-appeal on July 6, 2005. Several months later, while this appeal was pending, PSCo filed a petition to condemn an expanded pipeline easement in Colorado state court, Public Serv. Co. of Colo. v. Pathfinder Dev., Inc., No. 05CV59 (Colo. Dist. Ct. Aug. 23, 2005), under its eminent domain authority as a FERC licensee. See 16 U.S.C. § 814. The parties have since settled the condemnation issue,[3] with PSCo obtaining an expanded easement in exchange for, inter alia, $95,000. On January 24, 2007, the San Miguel County District Court entered a Rule and Order memorializing this agreement upon stipulation of the parties.[4]

Pursuant to the agreement, PSCo acknowledged that Pathfinder "shall utilize the roadway contained within the Easement Property for the operation of heavy equipment for mining and construction activities on the adjacent property." Pathfinder also reserved "the right of access over, through, under and across the easement for purposes of any form of access, including but not limited to all

---

[3] The state case also includes an inverse condemnation claim that remains pending, but is unrelated to the federal case.

[4] On February 15, 2007, this court entered an order granting Pathfinder's motion to supplement the record on appeal to include the Rule and Order, along with the exhibits thereto. Pub. Serv. Co. of Colo. v. Bd. of County Comm'rs, Nos. 05-1295 & 05-1321 (10th Cir. Feb. 15, 2007).

forms of vehicular traffic." PSCo explicitly waived the assertion of any restriction on vehicular traffic "except as specifically expressed in [the] Easement and the Embankment Easement." The parties also agreed with regard to the penstock crossings. PSCo conceded that such crossings are "necessary, anticipated, and consistent with the terms of this Agreement" and Pathfinder consented to providing PSCo with engineering plans before constructing future crossings. Finally, Pathfinder is specifically barred under the agreement from using the embankment for vehicular traffic.

Following our consideration of this agreement, we entered a show cause order directing the parties to brief whether the appeal and cross-appeal should be dismissed as moot. Pub. Serv. Co. of Colo. v. Bd. of County Comm'rs, Nos. 05-1295 & 05-1321 (10th Cir. Feb. 15, 2007). Although Pathfinder and the County agree that the case is now moot, PSCo argues against dismissal.

**II**

A case is moot when there is no longer a live controversy between the parties such that the court cannot grant relief to the prevailing party as a practical matter. See Smith v. Plati, 258 F.3d 1167, 1179 (10th Cir. 2001); Kennecott Utah Copper Corp. v. Becker, 186 F.3d 1261, 1266 (10th Cir. 1999). A claim for injunctive relief is no longer live when "the explicit objective of the proposed injunction has been met." F.E.R. v. Valdez, 58 F.3d 1530, 1533 (10th Cir. 1995). "The voluntary cessation of allegedly unlawful conduct does not necessarily make

a case moot;" however, a claim becomes moot "when no reasonable expectation exists that the alleged violation will recur and interim . . . events have eliminated the effects of the alleged violation." Comm. for First Amendment v. Campbell, 962 F.2d 1517, 1524 (10th Cir. 1992).

**A**

PSCo sought a preliminary injunction "restraining each and every defendant from relocating the road and crossings or moving heavy construction equipment over or near the penstock or in any way acting in any manner adverse to the April 16, 2003 Order of [FERC]." As noted above, each of these issues has been resolved by the parties in the agreement. PSCo is entitled to review the plans for all future penstock crossings, and Pathfinder may move heavy equipment near the penstock. Pathfinder had intended to relocate its access road to the embankment area, but that is no longer possible due to the agreement's prohibition of vehicular traffic on the embankment. Finally, FERC's directives have been satisfied; both Pathfinder and PSCo note that the penstock has been rewatered.

Every objective of PSCo's injunction claim has been attained and thus the claim is moot. See Valdez, 58 F.3d at 1533. This is not an instance in which the defendant has informally or temporarily agreed to cease the disputed activity. Pathfinder has entered into a legally binding settlement agreement, memorialized by the state district court, granting PSCo the rights necessary to restrict the

disputed activity. As such, there is "no reasonable expectation of the wrong's recurrence." Comm. for First Amendment, 962 F.2d at 1524.

**B**

PSCo also sought a declaratory judgment that the FERC order "pre-empts the July 2003 development permit and the final approval." The development permit was premised on the property rights of Pathfinder at the time of approval. It allowed Pathfinder to relocate its access road, and engage in concrete production activities. As discussed in Section II.A, supra, the relocation issue is clearly moot because Pathfinder is now legally barred from using the embankment (to which the road was to be relocated) for vehicular traffic. As to the second issue, PSCo acknowledges in the settlement agreement that Pathfinder will engage in "mining and construction activities" on its parcel. We reemphasize that the parties are in compliance with the FERC order and that PSCo has resumed operation of the penstock. By altering the easement, PSCo and Pathfinder have put to rest any potential conflict between FERC and County authority. There is no longer "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (quoting Md. Cas. Co. v. Pacific Co., 312 U.S. 270, 273 (1941)). Thus PSCo's claim for declaratory relief is also moot.

## III

Because subsequent facts have overtaken each of PSCo's claims, this appeal, as well as the underlying district court case are now moot. See S. Utah Wilderness Alliance v. Smith, 110 F.3d 724, 729 (10th Cir. 1997). Accordingly, we **DISMISS** these appeals and **REMAND** to the district court with instructions to **DISMISS**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge